**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASSUMPTION CALLANTA,

    Plaintiff,

No. C-05-5445 PJH

    v.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND COMPLAINT**

GC SERVICES, and S. McLEAN,

    Defendants.

_____/

Defendants' motion to dismiss came on for hearing on April 5, 2006, before this court. Plaintiff Assumption Callanta ("Callanta") appeared through her counsel Irving Berg and defendants GC Services and S. McLean (collectively "GC Services") appeared through their counsel Stephen Turner. Having carefully reviewed the parties' papers and considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion for the reasons that follow.

## BACKGROUND

This case arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., which was enacted to prevent abusive debt collection practices such as false, deceptive, or misleading representations by collectors to debtors, among others.

Callanta allegedly owes Mitsubishi Motors $28,879.16. GC Services, a debt collection agency, sent Callanta a letter signed by S. McLean, the general manager of GC Services, on July 12, 2005, in an attempt to collect the debt owed Mitsubishi Motors. The letter stated in pertinent part:

> In reference to the above mentioned account, it will be considered settled for $18,800.00, if received in my office on or before 07-25-05. This settlement will release you from any and all liability on this account.
>
> Please make cashier's check or money order payable to Mitsubishi Motors and sent overnight to . . . .
>
> If you have concerns regarding the handling of your account by GC Services, please contact Steve McLean General Manager at . . . .
>
> IMPORTANT: This offer only pertains to the above mentioned account of the above named client for the above listed balance and becomes void if the settlement amount is not received on or before 07-25-05.

Callanta filed this action against GC Services alleging violation of the FDCPA. She asserts that the letter is false, misleading and deceptive, in violation of 15 U.S.C. § 1692e and § 1692e(10), because the settlement offer is for a limited duration. Callanta further asserts that the letter uses unfair and unconscionable means to collect a debt by creating a false sense of urgency, in violation of 15 U.S.C. § 1692f, because the offer is for a limited time and the letter requests that the form of payment be in certifiable funds sent via overnight mail. GC Services now seeks an order dismissing the complaint for failure to state a claim upon which relief can be granted.

**DISCUSSION**

A.   Legal Standard

A court should not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Williamson v. Gen'l Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996). Dismissal is inappropriate when the complaint shows that the plaintiff is entitled to any relief the court can grant, regardless of whether the specific relief asked for is proper. Id. at 1217.

Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen'l Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). When material outside the pleading is considered in a Rule 12(b)(6) motion, the motion is to be treated as one for

1 summary judgment, and the parties get an opportunity to present all material made
2 pertinent to such a motion by Rule 56.  Fed. R. Civ. P. 12(b).  However, a court may
3 consider documents attached to the complaint as exhibits without converting the motion to
4 dismiss into a motion for summary judgment.  Fed. R. Civ. P. 10(c); United States v.
5 Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).
6       Further, in evaluating claims made under the FDCPA, the court should apply the
7 "least sophisticated debtor" standard as a matter of law.  Terran v. Kaplan, 109 F.3d 1428,
8 1431-32 (9th Cir. 1997) (citing Wade v. Regional Credit Assoc., 87 F.3d 1098, 1100 (9th
9 Cir. 1996)).  Under this standard, if the contact could potentially deceive or mislead a
10 hypothetical unsophisticated consumer, a violation of the FDCPA has been properly pled.
11 Id.
12 B.   Defendants' Motion
13     1.   "Limited-Time" Offer
14       Callanta alleges that the limited duration of the settlement offer is deceptive and
15 misleading and thus a violation of the FDCPA.
16       GC Services argues that the FDCPA's purpose is to prevent abusive and deceptive
17 debt collecting practices.  It further argues that letters from a debt collector that
18 communicate truthful information do not violate the FDCPA.  GC Services claims that its
19 efforts to settle the debt is consistent with the purpose of the Act.  GC Services asserts that
20 its settlement offer is not deceptive unlike the letter in Goswami v. Am. Collection Enter.,
21 Inc., 377 F.3d 488 (5th Cir. 2004), where the court found a violation of the FDCPA.  It
22 argues that its letters were limited-time offers like in Headen v. Asset Acceptance, Inc., 383
23 F.Supp.2d 1097 (S.D. Ind. 2005), where the court did not find a violation of the FDCPA.
24       In opposition, Callanta argues that it is not that the settlement offer is false, but that
25 the statement that it is offered for a limited duration is false.  She argues that the settlement
26 offer is false because GC Services would have actually settled the debt at any time and for
27 a lesser amount.  Callanta asserts that there is no difference between the letters in
28 Goswami and the letter at issue in this case.  Callanta contends that a truthful letter would

3

1 have included a statement that instructed her that she could call and negotiate the terms of
2 the settlement.

3 Title 15 U.S.C. § 1692e provides in pertinent part that, "[a] debt collector may not
4 use any false, deceptive, or misleading means in connection with the collection of any
5 debt." Section 1692e(10) further states that it is a violation of the FDCPA to use "false
6 representation or deceptive means to collect or attempt to collect any debt."

7 While neither Goswami nor Headen are binding on this court, they do provide some
8 useful instruction in this case. In Goswami, the letter at issue stated that "*only during the*
9 *next thirty days*, will our client agree to settle your outstanding balance due with a thirty
10 (30%) percent discount off your above balance owed." 377 F.3d at 495 (Emphasis added).
11 However, the debt collector was authorized to give the thirty percent discount at any time,
12 and was also authorized, at the time the letter was sent, to give up to a fifty percent
13 discount off of the debt owed. Id. at 496. The court further explained that the debt
14 collector's offer for a thirty percent discount was a "one-time, take-it-or-leave-it-offer" when
15 in truth it was not. Id. The court found that the debt collector made deceptive and
16 misleading statements regarding the authority it had from its client to discount the debt, and
17 the time in which the plaintiff was allowed to accept the offer. Id.; See, e.g., Pleasant v.
18 Risk Mgmt. Alternatives, Inc., 2003 WL 164227 (N.D. Ill. Jan. 23, 2003) (settlement offer
19 stating that it would be void and entire balance would be due if payment was not received
20 by certain date was misleading and deceptive in violation of the FDCPA).

21 In Headen, the court held that a debt collector "is free to make offers of limited
22 duration, to terminate them at a given date, and then to make a new offer of similar or even
23 identical terms effective immediately." 383 F.Supp.2d at 1101. In that case the plaintiff
24 received three letters from the debt collector making offers that expired on a given date. Id.
25 at 1100. The court distinguished these letters from those in Goswami on the grounds that
26 they did not state expressly that they were "one time only" offers and none of the letters
27 contained explicit falsehoods. Id. at 1104. The court found that the plaintiff did not state a
28 claim under § 1692e. Further, the court reasoned that if courts were to interpret the

4

1    FDCPA to mean that a settlement offer that expires on a certain date is deceptive if the
2    debt collector later offers to settle for a lesser sum, this would have an adverse affect on
3    "consumer debtors," because "if any offers were made, it would have to be the collector's
4    best and final offer." Id. at 1103. See, e.g., Sarder v. Acad. Collection Serv. Inc., 2005 WL
5    615831 (E.D.N.Y. March 3, 2005) (settlement offer stating that the offer was valid until a
6    certain date was not misleading or deceptive in violation of the FDCPA).

7        The letter at issue in this case is clearly distinguishable from the letter at issue in
8    Goswami and more analogous to the letters at issue in Headen. It does not contain any
9    "one-time, take-it-or-leave-it" language, like the letter in Goswami. This letter contains an
10   offer for a limited duration, like the letters in Headen. Additionally, there are no explicit
11   falsehoods in the letter. The only alleged basis for a claim of falsehood is Callanta's claim
12   that GC Services would have taken a lesser sum at a later time. Even if true, this does not
13   make the offer to settle for $18,800.00 false. Further, if the court were to adopt Callanta's
14   reasoning, then every offer of a limited duration that a debt collector makes would be false.

15       As to Callanta's argument that the letter, in order to not be misleading or deceptive,
16   should have stated that Callanta could call and negotiate the terms of the offer, the court is
17   unaware of any authority in the statute or case law and Callanta cites none, establishing
18   that this is required of a debt collector by the FDCPA. Further, the letter does advise
19   Callanta that she could telephone if she had concerns regarding her account, and provides
20   a phone number for this purpose. Thus, Callanta could have called if she had concerns
21   about her ability to take advantage of the offer.

22       The letter sent to Callanta is simply an offer, the limited duration is simply a term of
23   the offer, and the court is unaware of any authority requiring GC Services to tell Callanta
24   that she can call and negotiate the offer. Therefore, the letter is not deceptive or
25   misleading under the least sophisticated debtor standard.

26       2.    Money Order or Cashier's Check Sent Via Overnight Mail
27       Callanta alleges that GC Services has created a false sense of urgency in violation
28   of the FDCPA, because of the statement that the offer is for a limited duration and the

5

request that payment be in the form of a money order or cashier's check sent via overnight mail.

GC Services argues that its request that payment be in the form of certifiable funds sent via overnight mail is only a request and not a requirement to accept the offer, and thus not misleading or deceptive.  Callanta did not respond to this argument.

GC Services' request that payment be in the form of a money order or cashier's check sent via overnight mail is only a request.  There is no indication in the letter that this is the only form of payment that GC Services will accept.  Further, the letter does not state any consequences Callanta might face for failing to send payment as requested.  The request for a money order or cashier's check is not uncommon in debt collection services.  Personal checks can bounce and there is no way of knowing a check is good until it is cashed.  A debt collector may request payment by overnight mail as insurance against the possibility of the payment getting lost or stolen.  The limited time provision has the greatest potential for creating a false sense of urgency.  However, the letter does not state any penalties for rejecting or ignoring the offer.  Therefore, the limited duration of the offer and the request that payment be in the form of a money order or cashier's check sent via overnight mail are not deceptive or misleading.

## CONCLUSION

Callanta has failed to plead any violation of the FDCPA and thus the motion to dismiss the complaint is GRANTED, with leave to amend.  Any amended complaint shall be filed no later than May 19, 2006.

**IT IS SO ORDERED.**

Dated: April 20, 2006

PHYLLIS J. HAMILTON
United States District Judge

6